SOUTHERN MUTUAL LIFE INS. CO. *v.* ELIZA J. DOWNS, ET AL.

**Life Insurance Policy—Failure to Pay Premium.**
> When a life insurance policy provides that failure to pay a premium when due renders the policy void, and it is shown that such failure occurred, there can be no recovery on such policy.

**Burden of Proof.**
> When in a suit on an insurance policy the company claims a forfeiture on account of a failure to pay a premium, the burden is on the plaintiff to show that the right to forfeit had been waived by the company, or that the agreement, if any was made, to extend the time of payment had been waived by the company.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 19, 1875.

OPINION BY JUDGE PRYOR:

It is immaterial in this case what statements were made by Petrie,

the agent of the company, in order to induce the insured to enter into the contract. There is no fraud alleged in its procurement, and the representations then made, either to Downs, the insured, or to others by the agent, are not competent to change the terms of the policy. The policy is the evidence of the contract between the parties, and what was said by the agent prior to its date, in order to effect the insurance, should have been excluded. It is claimed by appellees that, prior to the falling due of the second semi-annual premium, the appellant, by its local agent, waived the right to forfeit the policy, and extended the time of payment for thirty days. The petition fails to allege in direct terms the authority of the agent to extend the time for payment, or to waive a forfeiture; but the answer supplied this defect by denying that the agents, or either of them, had any such authority from the company.

By the terms of the policy the failure on the part of the insured to pay the premiums on or before the day they fell due, rendered the contract of insurance void, and forfeited all payments previously made. It is further indorsed on the policy accepted by this insured, that "no person, except the president or secretary, is authorized to make, alter or discharge contracts or waive forfeitures." It must be assumed that the deceased knew that the president and secretary were the only persons authorized to waive the forfeiture, as it was a part of the contract; and this indorsement, independent of other proof, negatives the idea that the local agent had any such authority. The burden, then, is on the appellee to show that this right to forfeit had been waived by the company, or that the agreement, if any was made, to extend the time of payment, had been waived by the company.

The local agent would have made no such agreement binding upon the company unless authorized to do so. This authority must have been derived from the company through its president or secretary, or by reason of some corporate action, and must be shown to exist, and cannot be implied from the fact only that the agent exercised the power. The authority may be general or restricted to a certain class of patrons; but when established it must also appear that the alleged extension of payment was given Downs upon the latter's agreement to pay within or at the expiration of the thirty days. The evidence in the case fails to show any custom on the part of the company in dealing with its patrons by which its rules in regard to the waiver of the forfeiture had been abandoned; and the only question to be determined upon the facts of the case as they now ap-

pear, is, Was there an agreement made between appellant's local agent and Downs, prior to the falling due of the premium, by which the time of payment was extended for thirty days, and if so, did the local agent have any authority from the president or secretary to make such an agreement with Downs, or did he have, by instructions from the company or its secretary, a general authority to extend such payments when applied to by its patrons?

It is not pretended that the regulations of the company were changed by any corporate action. There is a distinction to be made between an agreement of this character entered into after forfeiture, and a like agreement before forfeiture. After the non-payment occurred, the contract becomes void; and a mere promise made afterwards to receive the money, or to give time for payment, must be regarded as an act of indulgence or favor only, and when not complied with by the insured prior to his death, cannot afterwards be enforced. If, however, the time is extended before the forfeiture takes place, no forfeiture occurs until the expiration of the time to which the payment has been extended. The company would be estopped to say that there was no consideration for such an agreement, as its own act has induced a non-compliance with the original contract under which the right of forfeiture is claimed. Both the insured and the local agent were laboring under the belief that the right to extend the payment was a part of the original contract; still this cannot bind the company unless, by general or special instructions given him, this local agent was clothed with this additional power.

That part of the instruction No. 2 reading, "or was held out to the public by the company or its secretary as having such authority, or if said agent so held himself out to the public as having such authority, with the knowledge, approval and ratification of the company, it is estopped," etc., should not have been given, for the reason that there were no facts upon which to base it. If the extension was made by the agent at the instance of Downs upon the latter's agreement to pay the premium within or at the expiration of the thirty days, and this act of the agent was ratified by the company or consented to by the secretary, it will bind the company; or if the agent had authority to make such agreements, either verbal or written, from the company or its secretary, such an agreement, when made, would bind the company.

The facts of this case have not been discussed only so far as is required to settle the legal questions upon the facts as they are

now presented. For the reasons indicated the judgment is *reversed* and the cause remanded, with directions to award a new trial and for further proceedings consistent with this opinion. The pleadings should be amended so as to allege more definitely what the agreement was between the agent and the insured.

*John Roberts, William T. Barrett, John Boyle, for appellant.*
*E. E. McKay, for appellees.*